IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT REHBACH, | § | |
| | § | No. 484, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware[1] |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1804006347 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 27, 2020
Decided: June 3, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c) ("Rule 26(c)"), the State's response, and the record on appeal, it appears to the Court that:

(1)    In November 2018, the appellant, Robert Rehbach, was indicted by a Superior Court grand jury for possession of a firearm by a person prohibited, carrying a concealed deadly weapon ("CCDW"), aggravated possession of cocaine,

---

[1] Court of Common Pleas Judge Robert Surles disposed of the appellant's felony charge as a Superior Court Judge under this Court's cross-designation order dated April 24, 2017. *Rehbach v. State*, No. 484, 2019, Seitz. C.J. (Dec. 17, 2019) (holding that the appellant's felony conviction and sentence are only appealable to this Court).

drug dealing, possession of a firearm during the commission of a felony, possession of drug paraphernalia, and third degree criminal trespass.  On April 10, 2019, Rehbach pleaded guilty to one count of CCDW and one count of possession of a controlled substance with an aggravating factor.   The court deferred the entry of these convictions to permit Rehbach to participate in the Drug Diversion Program.

(2)   On July 10, 2019, the trial court terminated Rehbach from the Drug Diversion Program for noncompliance, entered the agreed-upon convictions, and scheduled sentencing.   Thereafter, the court sentenced Rehbach as follows: for CCDW, to eight years of Level V incarceration, suspended upon acceptance into the inpatient Gateway Program for twelve months of Level III probation; and for drug possession, to twelve months of Level V incarceration, suspended for twelve months of Level III probation.  Rehbach did not appeal his convictions or sentence, nor did he file a motion for postconviction relief.

(3)   On September 4, 2019, Rehbach's probation officer filed a violation of probation ("VOP") report with the court.  On October 18, 2019, Rehbach appeared with counsel for the VOP hearing.  Through counsel, Rebhach admitted that he had failed to comply with the terms of his probation by—among other things—voluntarily leaving a court-ordered treatment program and testing positive for fentanyl.  The trial court found Rehbach in violation of the terms of his probation and sentenced Rehbach on the CCDW charge to seven years of Level V

incarceration, suspended after his successful completion of the Key Program, followed by decreasing levels of supervision. The court discharged Rehbach as unimproved from probation on the possession charge. Rehbach appeals.

(4) Rehbach's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Rehbach's attorney informed Rehbach of the provisions of Rule 26(c) and provided Rehbach with a copy of her motion to withdraw and a draft of the accompanying brief. Counsel also informed Rehbach of his right to supplement his attorney's presentation, which he did. Rehbach argues that (i) trial counsel impermissibly shared confidential information with the prosecution and that disclosure tainted the prosecution's approach to Rehbach's case, and (ii) he attempted to comply with the terms of his probation. The State has responded to Rehbach's arguments, as well as the position taken by Rehbach's counsel, and has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[2] This Court

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(6) After careful consideration, we find no merit to Rehbach's appeal. As a preliminary matter, Rehbach's claim that counsel provided privileged information to the prosecutor prior to his initial guilty plea are outside the scope of this appeal. If Rehbach wished to challenge the circumstances that led to his initial plea, he should have either filed an appeal from the entry of his convictions or filed a motion for postconviction relief.

(7) With regard to Rehbach's argument that he attempted to comply with the terms of his probation, this Court has frequently noted that probation is an "act of grace," and the trial court has broad discretion in deciding whether to revoke a defendant's probation.[4] In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[5] That is, the State need only present "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[6]

---

[3] *Penson*, 488 U.S. at 81.

[4] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[5] *Id.*

[6] *Id.* (internal quotation marks and citation omitted).

(8)     In this case, Rehbach appeared at his VOP hearing represented by counsel.  He acknowledged that he had violated the terms of his probation and the court found Rehbach in violation based solely on his admission.   Rehbach's admission to violating the terms of his probation constitutes sufficient evidence to sustain the court's finding of a VOP.[7]

(9)     The Court has reviewed the record carefully and has concluded that Rehbach's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Rehbach's counsel has made a conscientious effort to examine the record and the law and has properly determined that Rehbach could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice

---

[7] *See Lougheed v. State*, 2016 WL 5899238, at *2 (Del. Oct. 10, 2016).